[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION OF THE CHIEFPUBLIC DEFENDER
FACTS
On May 12, 1989 the plaintiff was sentenced to a term of imprisonment of 60 years on a charge of murder. His petition for a new trial was denied by this court on June 6, 1997. Subsequently, the court granted the plaintiff's petition for certification to appeal and granted his application for waiver of fees and costs. The public defender's office was appointed to take the appeal. It is that appointment the court is requested to consider. CT Page 7372
DISCUSSION
The movant argues that public defenders are authorized to represent indigent persons only in criminal cases, habeas corpus petitions, and extradition and delinquency matters. (C.G.S. §51-296). § 51-293 limits their appellate representation to appeals in these matters. There is no statute or practice book section which provides for the public defender to handle petitions for new criminal trials nor appeals of decisions on such petitions.
The history and circumstances of this case, however, are unique.
The plaintiff was represented at his criminal trial by a court appointed special public defender who also represented him on an unsuccessful appeal.
The plaintiff then filed a habeas corpus petition pro se and was appointed a public defender to handle that matter. He then filed a pro se petition for a new trial. Both cases were transferred to the Superior Court at Rockville. When the public defender in the habeas corpus matter developed a conflict of interest, the court appointed a special public defender. When the matters were reached on the docket, the newly appointed special public defender consulted with the plaintiff and advised him that his chances were better in the new trial petition as his burden in the habeas corpus was substantial.
The plaintiff then elected to withdraw his habeas petition and it was withdrawn with prejudice before the court and his special public defender was then appointed a special public defender to handle the petition for a new trial.
That special public defender handled the trial of the petition for a new trial which this court denied on June 6, 1997.
Thus, the plaintiff was afforded a special public defender for this case, apparently as part of the disposition of the habeas via withdrawal. In effect, the special public defender merely switched files, but via court order.
Under these circumstances, it would be inequitable to deny this plaintiff appointed counsel to handle the appeal of this court's decision. CT Page 7373
The Motion for Reconsideration is therefore denied.
Anthony V. DeMayo Judge Trial Referee